**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATNAM SINGH RANDHAWA, | No. 12-73217 |
| Petitioner, | Agency No. A072-171-361 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Satnam Singh Randhawa, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his second motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reopen.  *Bhasin v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We grant the petition for review and we remand.

In denying Randhawa's motion to reopen, the BIA characterized the affidavits from Randhawa's uncle, friend, and nephew as "unauthenticated" and "unsupported by independent evidence," and afforded the affidavits minimal weight. The BIA must accept facts presented in affidavits supporting a motion to reopen as true "unless inherently unbelievable," *see id.* at 987, and the BIA did not make such a finding. The BIA abused its discretion in its treatment of the affidavits. *See id.* at 986 ("We have long held that credibility determinations on motions to reopen are inappropriate."). Accordingly, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**